967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maria De Jesus TORRES-CASILLAS, Defendant-Appellant.
 No. 91-50544.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1992.*
Decided June 10, 1992.
 
 Before WALLACE, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant, Maria De Jesus Torres-Casillas, was stopped at a sobriety checkpoint near the entrance to Long Beach Naval Station. The service man conducting the check detected an odor of alcohol and called a patrol unit. The officers responding also detected a strong odor of alcohol. The officers conducted a field sobriety test, which appellant failed. She also was crying and her speech was mumbled. The officers took the appellant to the police station. Appellant, after reading an "implied consent form," agreed to take a breathalyzer test. She was charged with drunk driving under the Assimilative Crimes Act, 18 U.S.C. § 13, for violating California Vehicle Code § 23152, driving under the influence.
 
 
 3
 Appellant was tried before a U.S. Magistrate, who suppressed the results of the breathalyzer test. Nevertheless, appellant was convicted of driving under the influence of an alcoholic beverage in violation of Cal.Veh.Code § 23152(a). Her conviction was upheld by the district court.
 
 
 4
 Appellant raises three constitutional challenges to her conviction. None of her arguments have merit and we affirm.
 
 
 5
 Appellant first argues that she was denied due process because the officers at the naval station failed to advise her of the three types of blood alcohol tests available under California's implied consent law. We have held previously that California's implied consent laws are regulatory and procedural only and are not assimilated under the Assimilative Crimes Act. United States v. Roberts, 845 F.2d 226, 229 (9th Cir.), cert. denied, 488 U.S. 845 (1988). Thus, the naval station was under no obligation to offer appellant a choice of either a blood, urine, or breath test to determine her blood alcohol content. Neither did the administration of a breathalyzer test in this case violate any of appellant's fundamental due process rights. In similar circumstances, we have upheld even a non-consensual extraction of blood to test for alcohol content. United States v. Snyder, 852 F.2d 471 (9th Cir.1988). The procedure in this case was certainly less intrusive. Moreover, the results of the breathalyzer test were not even used against appellant.
 
 
 6
 Appellant also argues that she was denied due process because she was not advised that the breath samples would not be preserved and because the failure to preserve the breath samples deprived her of potentially exculpatory evidence. As noted above, the naval station was under no obligation to comply with California's procedure, which requires officers to notify suspects that breath samples will not be preserved. See Roberts, 845 F.2d at 229.
 
 
 7
 The failure to preserve the breath samples was not a violation of due process. The Government is under a constitutional obligation to preserve potentially exculpatory evidence only if the evidence possesses an apparent exculpatory value and if the defendant is unable to obtain comparable evidence through other means. California v. Trombetta, 467 U.S. 479, 489 (1984). In fact, according to the Supreme Court, failure to preserve exculpatory evidence is not a due process violation unless it results from bad faith on the part of the police. Arizona v. Youngblood, 488 U.S. 51, 58 (1988). Appellant has not shown that the evidence from the breath samples had any apparent exculpatory value or bad faith by the officers. Thus, she failed to establish a due process violation. See Featherstone v. Estelle, 948 F.2d 1497, 1505 (9th Cir.1991).
 
 
 8
 Appellant's final argument is that she was denied equal protection because she was subject to civilian criminal jurisdiction for an offense committed at the naval base, while military personnel are subject to military jurisdiction. Appellant's argument has no conceivable validity.
 
 
 9
 It has long been established that Congress is vested with the power to regulate the military and to establish courts-martial for this purpose. See U.S. Const., art. 8, cl. 14; Solorio v. United States, 483 U.S. 435, 441 (1987); Reid v. Covert, 354 U.S. 1, 19 (1957). However, military jurisdiction cannot be extended to include power over civilians. Reid, 354 U.S. at 40-41. Appellant is a civilian and thus could not have been tried by a military court. There is no equal protection problem with this constitutional arrangement.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3